Jennifer C. Limbo, Esq. (SBN: 266667)
jcl@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiffs

FILED
2012 OCT 19  AM 11: 23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA GOLDSTEIN and ZALMAN GOLDSTEIN, <br><br> Plaintiffs, <br><br> v. <br><br> GRANT & WEBER, INC. and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: **CV12-9018-VBK** <br><br> COMPLAINT FOR DAMAGES |

Plaintiffs, by and through their attorney, Jennifer C. Limbo, Esq., as and for their complaint against the Defendant, GRANT & WEBER, INC., allege as follows:

### INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiffs are natural persons residing in Los Angeles County, California.
3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Calabasas, California.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiffs reallege paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by Plaintiff Zalman Goldstein.
7. That at a time unknown to Plaintiff Zalman Goldstein herein, the aforementioned debt was referred and/or assigned to Defendant for collection.
8. That on or about October 24, 2011, Plaintiffs Zalman Goldstein and Aviva Goldstein, (hereinafter referred to as the "Plaintiffs"), were advised by Citibank that Aviva Goldstein's bank account (hereinafter referred to as the "Bank Account") had been frozen due to a judgment against Plaintiff Zalman Goldstein, Plaintiff Aviva Goldstein's sibling.
9. That said Bank Account would have been subject to an exemption since all of the funds in the account belonged to Plaintiff Aviva Goldstein.
10. That because Plaintiff Aviva Goldstein suffers from various illnesses, Plaintiff Zalman Goldsteinwas added to the Bank Account solely for emergency purposes, in the event that Plaintiff Aviva Goldstein would be deemed incompetent and unable to handle her finances.

11. That upon discovering that the Bank Account was frozen, Plaintiffs immediately called Amir Goldstein, a relative and attorney, for his assistance in resolving the unlawful execution of the judgment by Defendant.

12. That Amir Goldstein agreed to act as Plaintiffs' agent in resolving the matter with Defendant (the judgment creditor) and the frozen Bank Account.

13. That Amir Goldstein, (hereinafter referred to as "Plaintiffs' Agent"), immediately attempted to contact Mr. Reid Steinfeld, the attorney for the Defendant.

14. That despite several efforts by Plaintiffs' Agent to contact Mr. Steinfeld, Plaintiffs' Agent was repeatedly directed to speak with one Ms. Linda Matthews, an account manager for Defendant.

15. That Defendant's agents would not relay any of the messages left by Plaintiffs' Agent for Mr. Steinfeld and advised Plaintiffs' Agent that he must deal with Ms. Matthews.

16. That on or about October 24, 2011, Ms. Matthews provided Plaintiffs' Agent with documentation to demonstrate that Defendant's judgment against Plaintiff Zalman Goldstein was based on a medical bill in the amount of $544.50 incurred in 1983.

17. That as of 2011, Defendant was demanding over $4000.00 to satisfy said judgment from Plaintiff Zalman Goldstein.

18. That Plaintiffs' Agent notified Ms. Matthews that the frozen Bank Account actually belonged to Plaintiff Aviva Goldstein, not Plaintiff Zalman Goldstein, and for that reason, the lien on the Bank Account would be subject to an exemption.

19. That Plaintiffs' Agent informed Ms. Matthews that further pursuit by Defendant to collect on the judgment would be unlawful as against Plaintiff Aviva Goldstein.

20. That as such, Plaintiffs' Agent again requested to speak with Mr. Steinfeld, (Defendant's purported counsel of record), to avoid further litigation and complications.

21. That in response, Ms. Matthews refused to connect Plaintiffs' Agent with Mr. Steinfeld and insisted that she alone was handling the account.

22. That Ms. Matthews then advised Plaintiffs' Agent that if Plaintiffs paid Defendant $3,600.00 in cash and in person, this would be the only way to prevent execution on the frozen Bank Account.

23. That Ms. Matthews then assured Plaintiffs' Agent that if payment was made immediately in person, the Bank Account would be released and no funds would be withdrawn from the Bank Account.

24. That on or about October 27, 2011, Plaintiffs' Agent, in reliance on the representations made by Ms. Matthews, drove to Defendant's offices in Calabasas, California to remit payment in person on behalf of the Plaintiffs.

25. That upon information and belief, the office of Mr. Steinfeld, the attorney responsible for the underlying actions against the Plaintiffs, is located at the same address of the Defendant in Calabasas, California.

26. That upon his arrival, Plaintiffs' Agent asked to speak with Mr. Steinfeld, but was advised that Mr. Steinfeld was not on the premises, was out of the office "that day" and could not be reached.

27. That upon further questioning by Plaintiffs' Agent, Defendant's agents and receptionist could not specify if Mr. Steinfeld would return nor could they confirm whether his office was in fact located on the premises.

28. That Ms. Matthews met Plaintiffs' Agent in the reception area of Defendant's place of business and reiterated that Mr. Steinfeld was not in the office.

29. That Ms. Matthews proceeded to demand from Plaintiffs' Agent $3,600.00 in cash to prevent further execution on the judgment and the Bank Account.

30. That in response, Plaintiffs' Agent refused to tender payment in cash, but offered Ms. Matthews a payment through an attorney's check in order to avoid further execution on the Bank Account.

31. That after Ms. Matthews initially refused the attorney's check, Plaintiffs' Agent

1  again requested to speak with Mr. Steinfeld.

2  32. That moments later, Mr. Hal Weinerman, Defendant's president and founder, met with Plaintiffs' Agent in the reception area of Defendant's offices and began to yell at Plaintiffs' Agent.

33. That Mr. Weinerman continued to speak over Plaintiffs' Agent, insisted that Mr. Steinfeld was not in the office and that Mr. Steinfeld did not make decisions on the accounts.

34. That Mr. Weinerman, in attempt to intimidate Plaintiffs' Agent, claimed that since he was the owner, Mr. Steinfeld receives instructions from him and that he, and only he, would have the authority to make any decisions on accounts.

35. That Plaintiffs' Agent advised Mr. Weinerman that Plaintiff Aviva Goldstein was not well and that since it was her account that was frozen, Plaintiffs' Agent was there to resolve the matter and make a payment under protest to prevent any funds from being withdrawn from the Bank Account.

36. That Mr. Weinerman informed Plaintiffs' Agent that Defendant would accept an attorney's check in the amount of $4,126.53.

37. That Mr. Weinerman stated that upon receipt of said attorney's check, funds would not be withdrawn from the Bank Account and no further action would be taken against the Plaintiffs.

38. That on reliance on Defendant's representations, Plaintiffs' Agent tendered an attorney's check in the amount of $4,126.53 to prevent further action against the Plaintiffs, to avoid having any funds withdrawn from the Bank Account and to prevent further emotional distress to Plaintiff Aviva Goldstein.

39. That Plaintiffs' Agent tendered the attorney's check in the amount of $4,126.53 to satisfy the $544.50 judgment, so that the Bank Account would be released.

40. That Mr. Weinerman accepted said check and assured Plaintiffs' Agent that the Bank Account would be released, no further action would be taken against the Plaintiffs and that no funds would be withdrawn from the Bank Account.

41. That moments later, Ms. Matthews provided Plaintiffs' Agent with a bank levy release dated October 27, 2011 and signed by Mr. Steinfeld, despite having previously advised Plaintiffs' Agent that Mr. Steinfeld was not in the office that day.

42. That said bank levy release was notarized by one Sharon Elizabeth Hardin, an employee of Defendant's.

43. That upon information and belief, Defendant's agents engage in the unauthorized practice of law.

44. That in the alternative, Defendant's agents lied to Plaintiffs' Agent, in an attempt to coerce payment of the underlying debt by means of duress, false pretenses and deceptive representations.

45. That subsequently, the attorney's check tendered by Plaintiffs' Agent cleared and the amount was credited to Plaintiff Zalman Goldstein.

46. That on or about November 8, 2011, approximately two weeks after Plaintiffs' Agent tendered payment pursuant to Defendant's instructions, Plaintiff Aviva Goldstein discovered that $4,126.53 had been withdrawn from the Bank Account.

47. That despite Defendant's representations and promises and the payment in full tendered on Plaintiffs' behalf by Plaintiff's Agent with the attorney's check, money was unlawfully withdrawn from the Bank Account.

48. That Plaintiffs' Agent spent additional time and effort to address the erroneous and unlawful withdrawal by reaching out to Citibank, the Defendant, and Mr. Steinfeld.

49. That only after more than $8,000.00 was taken from the Plaintiffs did Mr. Steinfeld choose to intervene on Defendant's behalf.

50. That Mr. Steinfeld assured Plaintiffs' Agent that he would attempt to rectify Defendant's wrongful actions and begin taking remedial measures for Defendant's error; and that after several days of ongoing discussions, the amount of $4,126.53 (less bank fees and costs approximately totaling $100.00) was

returned to the Bank Account and Defendant's unlawful and deceptive conduct was partially rectified.

51. That Defendant's communications and conduct contained language demonstrating false statements and threatening implications.

52. That Defendant's communications and conduct caused an unnecessary urgency in attempt to coerce Plaintiffs into paying the alleged debt.

53. That upon information and belief, Defendant's agents are engaged in the unauthorized practice of law.

54. That Defendant's conduct and communications harassed Plaintiffs in violation of 15 U.S.C. 1692d.

55. That the Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

56. That Defendant used unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.SC. §1692f.

57. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e) and (f) in that the representations made by Defendant are harassing, confusing, misleading, deceptive, unfair and fail to advise the Plaintiff (the consumer) of her legal rights as required by law.

   i. Defendant violated 15 U.S.C. §1692d by using language the natural consequence of which is to abuse the Plaintiffs;

   ii. Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

   iii. Defendant violated 15 U.S.C. §1692f by collecting an amount that was not authorized or permitted by law.

58. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers and third parties where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

59. That Plaintiffs, upon reliance on Defendant's representations and assurances, incurred monetary and emotional damages, to their detriment.

60. That as a result of Defendant's conduct, Plaintiffs suffered actual damages, including, but not limited to: stress, anxiety, extreme humiliation and sleepless nights.

61. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to Plaintiffs for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**

62. Plaintiffs reallege paragraphs 1 through 61, as if fully restated herein.

63. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

64. By its acts and practices as hereinabove described, Defendant has violated the Rosenthal Act as follows, without limitation: by making false and deceptive representations; by communicating with the Plaintiffs and their agent with such frequency as to be unreasonable and to constitute harassment to the Plaintiffs under the circumstances and by violating 15 U.S.C. §1692 et seq.

65. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiffs are entitled to recover their actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiffs, which damages are in an amount to be proven at trial.

66. In addition, because Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiffs are entitled to recover, in addition to their actual damages, penalties of at least $1,000 as provided for in the Act.

67. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiffs are entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d) For such other and further relief as may be just and proper.

(e) Plaintiffs request trial by jury on all issues so triable.

Dated: October 17, 2012

JENNIFER C. LIMBO, ESQ.

Jennifer C. Limbo
Attorney for Plaintiffs

Name & Address:
Jennifer C. Limbo, Esq. (SBN: 266667)
5455 Wilshire Blvd. Suite 1812
Los Angeles, CA 90036

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| AVIVA GOLDSTEIN and ZALMAN GOLDSTEIN, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-9018 -VBK |
| GRANT & WEBER, INC. and DOES 1 through 10, inclusive, | |
| DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jennifer C. Limbo, whose address is 5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 1 9 2012

By: MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

AVIVA GOLDSTEIN and ZALMAN GOLDSTEIN,

**DEFENDANTS**

GRANT & WEBER, INC. and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jennifer C. Limbo, Esq.
5455 Wilshire Blvd. Suite 1812, Los Angeles, CA 90036
(323) 937-0400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692 et seq; violations of the Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV12-9018**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_____   Date  10/17/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |